```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**WILLIAM A. MERRITT,**

      **Plaintiff,**

v.                                      Case No. 2:09-cv-00522

**RUSSELL MATHENY, Captain, et al.,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is a civil rights case in which Plaintiff, an inmate at Mount Olive Correctional Complex ("MOCC"), alleges that certain defendants subjected him to their excessive use of force. Pending before the court is defendant Eric Miller's motion to dismiss for improper service (docket # 18). Plaintiff has not responded to the motion.

The complaint alleges that defendant Miller, the sergeant of the pod at MOCC where Plaintiff was housed, spoke with Plaintiff after the incident in question. (Complaint, # 2, ¶ 39, at 7.) No other allegation is made against defendant Miller. The summons mailed by the Clerk was returned unexecuted as to defendant Miller (the envelope was marked "return to sender") (# 14). Defendant Miller's memorandum explains that he is no longer employed at MOCC and that he has not been properly served. It is plain that defendant Miller was not properly served and this action should be

dismissed as to him.

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. The complaint fails to state a claim upon which relief can be granted as to defendant Miller, and he should be dismissed with prejudice. Plaintiff has not alleged that defendant Miller committed any act which constitutes a violation of his civil rights.

The undersigned proposes that the presiding District Judge **FIND** that defendant Miller was not properly served and that the complaint fails to state a claim against defendant Miller upon which relief can be granted.

Accordingly, it is respectfully **RECOMMENDED** that this action be dismissed as to defendant Miller only with prejudice and the motion to dismiss for improper service (# 18 ) be denied as moot.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Faber and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Plaintiff, and to transmit it to counsel of record.

|  |  |
|---|---|
| November 3, 2009<br>Date | *Mary E. Stanley*<br>Mary E. Stanley<br>United States Magistrate Judge |