IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAM A. MERRITT,

    Plaintiff,

v.                              CIVIL ACTION NO. 2:09-00522

RUSSELL MATHENY, Captain, et al.,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

By Standing Order, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Stanley submitted to the court her Findings and Recommendations on March 4, 2010, in which she recommended that the court deny defendants' motion to dismiss without prejudice (Doc. # 22); deny plaintiff's motion to deny dismissal as moot (Doc. # 29); and deny defendants' motion for summary judgment without prejudice (Doc. # 38).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).  On March 18, 2010, defendants filed objections to the Proposed Findings and

Recommendation and plaintiff later filed a response to defendants' objections.

Defendants filed their motion to dismiss on November 4, 2009.  On December 17, 2009, plaintiff filed a response in which he asserts that he never received the motion to dismiss or its supporting memorandum.  Rather than attempt to re-serve plaintiff with the motion to dismiss and the documents in support thereof, defendants disputed plaintiff's allegation of non-service and argued that the court should dismiss the case anyway.  Magistrate Judge Stanley felt it would be improper for the court to grant a motion to dismiss which the plaintiff alleged he had never seen. This court agrees.

Furthermore, as to both the motion to dismiss and motion for summary judgment, Magistrate Judge Stanley felt that the authority cited by defendants was questionable in certain respects and she directed them to focus future arguments regarding qualified immunity with citation to the Supreme Court of the United States and United States Court of Appeals for the Fourth Circuit.  Magistrate Judge Stanley also informed defendants that their reliance on Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994), was misplaced given its recent abrogation by the Supreme Court in Wilkins v. Gaddy, 130 S.Ct. 1175 (2010). Defendants contend that they are entitled to qualified immunity, even under the Wilkins analysis because plaintiff "failed to

-2-

present credible evidence that, assuming any force at all was
applied, that it was not applied in a good faith effort to
maintain or restore discipline." Defendants' Objections at 3.
Defendants also contend that plaintiff "similarly failed to
present credible evidence that, assuming force was applied, it
was done so maliciously or sadistically for the purpose of
causing harm." Id.

Defendants' arguments in this regard miss the mark. It
is the defendants, and not plaintiff, who are moving for summary
judgment. Accordingly, they are the ones required to offer
evidence to support their motion and show that there are no
disputed issues of material fact. Plaintiff need only offer
evidence sufficient to show a disputed issue of material fact.
Accordingly, the court agrees that defendants' motions should be
denied without prejudice.

In the alternative, defendants ask the court for a
limited amount of time to pursue discovery in this case based
upon the new standard enunciated in Wilkins v. Gaddy, 130 S.Ct.
1175 (2010). The court assumes that this discovery is necessary
for defendants to determine whether they are entitled to
qualified immunity and to allow them to file a properly supported
motion for summary judgment on the qualified immunity issue if
they choose to do so. "Because qualified immunity is `an
immunity from suit rather than a mere defense to liability . . .

it is effectively lost if a case is erroneously permitted to go
to trial.'" <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815 (2009)
(quoting <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)(emphasis
deleted)).  As such, the Court has repeatedly "stressed the
importance of resolving immunity questions as the earliest
possible stage in litigation." <u>Id.</u> (quoting <u>Hunter v. Bryant</u>,
502 U.S. 224, 227 (1991) (per curiam)).  Accordingly, the court
agrees with defendants that the qualified immunity issue should
be resolved first.  Defendants should bring the matter to the
attention of Magistrate Judge Stanley and seek her direction
regarding an appropriate time frame order and the like.

Having reviewed the Proposed Findings and Recommendation
filed by Magistrate Judge Stanley, the court **DENIES** defendants'
motion to dismiss without prejudice (Doc. # 22); **DENIES**
plaintiff's motion to deny dismissal as moot (Doc. # 29); **DENIES**
defendants' motion for summary judgment without prejudice (Doc. #
38); and **REFERS** this matter back to Magistrate Judge Stanley for
further proceedings consistent with this opinion.

The Clerk is directed to forward a copy of this
Memorandum Opinion and Order to all counsel of record and to any
unrepresented party.

It is **SO ORDERED** this 22nd day of June, 2010.

ENTER:

David A. Faber
Senior United States District Judge

-4-