```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

WILLIAM A. MERRITT,

      Plaintiff,

v.                          Civil Action No. 2:09-cv-00522

RUSSELL MATHENY, et al.,

      Defendants

## MEMORANDUM OPINION AND ORDER

Before the court is the Plaintiff's Motion in Limine No. 2 to preclude mention of Plaintiff's conviction or time period of his incarceration and Plaintiff's reply in further support of his Motion in Limine No. 2 to preclude mention of Plaintiff's Conviction or time period of his incarceration. (See Doc. No. 109, 123). For reasons more fully explained below, the court **GRANTS** the Plaintiff's motions.

    A. <u>Evidence of the Plaintiff's Convictions and the Sentence Imposed is Not Relevant; Is Excluded from Evidence</u>

Relevant evidence is broadly described as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence 401 (2010). Rule 403 states that relevant evidence "may be excluded if its probative value is

1

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403 (2010).

The Plaintiff contends that the convictions for which he is incarcerated at Mount Olive Correctional Center[1] are not relevant to his current claim for battery and §1983 violations against the defendants. Even if relevant, Plaintiff asserts that the evidence is highly prejudicial under Rule 403 and should be excluded.

The Defendants argue that evidence regarding Merritt's crime and incarceration are relevant because they "will call into question the degree to which Merritt's alleged injury . . . is truly the cause of his psychological and emotional damage or whether those injuries preexisted the incident he alleges." See Defendant's Responses to Merritt's Motions to Exclude, Doc. No. 114. The Defendants point to the fact that the Plaintiff is claiming emotional damages and has thus placed his psychological and emotional state into question.

---

[1] The Plaintiff is incarcerated at Mt. Olive after pleading guilty on June 11, 2002, to first degree sexual assault, abduction, and breaking and entering. He is currently serving sentences of 15-35 years for the sexual assault and three to ten years for the kidnapping. His sentences are to run consecutively. See Defendant's Responses to Merritt's Motions to Exclude, Doc. No. 114).

The Defendants further argue that Rule 609 allows for the introduction of the conviction as impeachment character evidence. Federal Rule of Evidence 609(a) provides in part:

> **(a) General rule**.--For the purpose of attacking the character for truthfulness of a witness,
>
> **(1)** evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.[2]

There is no controlling Fourth Circuit authority on this issue. Although Defendants point to <u>Myers v. Hyatt</u>, 1991 U.S. App. LEXIS 16517 (4th Cir. 1991), the unpublished, per curiam decision in Meyers summarily rejected the Plaintiff-Prisoner's argument that his trial counsel was ineffective and that evidence of Myers' prior child molestation

---

[2] *Effective December 1, 2011, absent contrary Congressional action, this rule is amended to read as follows:*
**Rule 609. Impeachment by Evidence of a Criminal Conviction**

**(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
**(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
**(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
**(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant.

conviction was so inflammatory that it unduly prejudiced the jury and rendered the verdict unreliable. Id. Because no reasoning exists for the Court's summary rejection of the appellant's assertions in Myers, this Court does not find it to be persuasive to the inquiry at hand.

The Court finds that under Rules 401 and 403, as well as under 609(a), the Plaintiff's convictions are not relevant to his current tort and constitutional claims, and thus should be excluded. The convictions themselves are not relevant to the Plaintiff's emotional damages. The convictions are not crimes involving the Plaintiff's dishonesty or false swearing, and have low probative value under Rule 609 for impeachment purposes. Even if relevant in some way, under Rule 403, such evidence's prejudicial effect substantially outweighs any relevance of the conviction evidence. Additionally, if the Plaintiff's emotional damage is in issue, the Defendants themselves point to numerous other ways to offer evidence about the Plaintiff's psychological state prior to the incident without the use of the Plaintiff's prior convictions. See Defendant's Responses to Merritt's Motions to Exclude, Doc. No. 114 at 5 and 6.

This is not to say that there are no circumstances at trial in which the Defendants may be able to offer evidence of the convictions. For example, it is possible that the Plaintiff may "open the door" to these convictions by mentioning the

4

convictions himself, or by offering evidence of the Plaintiff's good character.  Additionally, although the criminal sentence itself is not admissible, the remaining time period for which the Plaintiff is incarcerated may be relevant when determining future damages.

    For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion in Limine No. 2.  Evidence regarding the Plaintiff's Conviction and Sentence is excluded from evidence to the extent mentioned herein. Additionally, the Court **CONTINUES** the pre-trial conference and the civil jury trial, and **SETS** the final settlement conference for Tuesday, December 6th, 2011 at 9:00 a.m. and **SETS** the civil jury trial for Tuesday, December 6th, 2011 at 10:00 a.m. in Charleston.

    It is **SO ORDERED** on this 12th day of October, 2011.

                                **ENTER:**

                                David A. Faber
                                Senior United States District Judge